IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT JONES, | * |
|    Petitioner, | *  Civ. Action No. RDB-20-1195 |
| v. | *  Crim. Action No. RDB-10-0232 |
| UNITED STATES OF AMERICA, | * |
|    Respondent. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

On November 8, 2010, *pro se* Petitioner Robert Jones ("Jones" or "Petitioner") pled guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). (Re-arraignment, ECF No. 100; Plea Agreement, ECF No. 101.) On February 3, 2011, this Court sentenced Petitioner to 180 months (15 years) of imprisonment with credit for time served in federal custody since May 18, 2010, followed by a 3-year term of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 121; Feb. 3, 2011 Sentencing Transcript, ECF No. 137.) The sentence was based in part on this Court's finding that Jones was a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.

Now pending is Jones's *pro se* Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 186.) The Government filed a response on August 13, 2020. (ECF No. 188.) Petitioner has not filed a timely reply.[1] The parties' submissions have been reviewed and no

---

[1] Pursuant to this Court's Order of May 15, 2020 (ECF No. 187), Jones's reply was due within 28 days of the Government's August 13, 2020 response. Accordingly, Jones's reply was due on Thursday, September 10, 2020. A week has now passed since that date, and Petitioner has not filed a reply. This Court issues its ruling without a reply, as a reply would not aid this Court's decision. *See Bell v. United States,* RDB-12-3042, 2015 WL 4561837, at *3 (D. Md. July 27, 2015) (holding that a reply is not required in § 2255 proceedings).

hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 186) is DENIED.

## BACKGROUND

In his Plea Agreement, Jones stipulated that on April 16 and 17, 2010, he participated in a conspiracy to break into a Baltimore home and rob its residents of drugs and cash. (ECF No. 101 at 9.) On May 13, 2010, the grand jury returned a three-count Superseding Indictment which charged Jones with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three). (Superseding Indictment, ECF No. 5.) On November 8, 2010, Jones pled guilty to Count One of the Indictment (the conspiracy charge) in accordance with the terms of a Plea Agreement. (ECF Nos 100, 101.) Under the Plea Agreement, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that "a sentence of not less than seventeen (17) years and not more than twenty (20) years" was an appropriate disposition of the case. (ECF No. 101 ¶ 9.)

This Court conducted a sentencing hearing on February 3, 2011. (ECF No. 121; ECF No. 137.) At the outset of the hearing, this Court informed the parties that it intended to impose a sentence below the range agreed-upon in the Plea Agreement, and provided the Government with an opportunity to withdraw from the Agreement. (ECF No. 137 at 4:20-24.) The Government declined to do so. (*Id.* at 5:15-17.) Next, this Court found that Jones was a career offender under U.S.S.G. § 4B1.1, a designation which required a higher advisory

2

Guidelines range than would otherwise apply.  (ECF No. 137 at 22:18-24.)  This Court further determined that Petitioner's final offense level was 29 and that a criminal history category of VI applied, resulting in an advisory sentence range of 151 to 188 months of imprisonment. (ECF No. 137 at 35:16-22; 37:13-19.)  Consistent with that range, this Court imposed a 180-month (15-year) term of imprisonment.  (ECF No. 121.)  Counts Two and Three were dismissed on the Government's motion.  (*Id.*)

Jones has since initiated several unsuccessful challenges to this Court's Judgment.  On June 8, 2011, Jones filed a Notice of Appeal, which the United States Court of Appeals for the Fourth Circuit dismissed as untimely.  (ECF Nos. 130, 142.)  Jones did not file a petition for writ of certiorari with the Supreme Court.  While his appeal was pending, Jones filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which this Court dismissed as premature.  (ECF Nos. 136, 138.)  After the Fourth Circuit issued its decision, Jones filed another Motion to Vacate on April 26, 2013, which this Court denied.  (ECF Nos. 150, 162, 163.)  Jones' subsequent appeal of that decision was not successful.  (ECF No. 172.)  On June 22, 2016, Jones, through the Office of the Federal Public Defender, obtained the Fourth Circuit's authorization to file a successive § 2255 petition in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]  (ECF No. 180, 181.)  On May 25, 2017, Jones withdrew his motion.  (ECF Nos. 182, 183.)

Several years later, on May 11, 2020, Jones filed the pending *pro se* Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 186.)  In light of exigent circumstances

---

[2] In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the Armed Career Criminal Act ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague.

3

created by the on-going COVID-19 pandemic, this Court granted the Government additional time to respond and required the Defendant to reply within 28 days of the Government's response. (ECF No. 187.) On August 13, 2020, the Government submitted a timely response in opposition to Jones's Motion. (ECF No. 188.) Jones has not filed a reply.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

Jones moves for a sentencing modification based on his contention that he was improperly classified as a career offender under the United States Sentencing Guidelines. (ECF No. 186 at 1.) The "career offender" designation is only imposed when, *inter alia*, "the

instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).  In his Motion, Jones argues that he was wrongfully designated as a career offender because the instant offense of conviction, conspiracy to commit Hobbs Act robbery, is not a crime of violence.  (ECF No. 186 at 1.)  To support his argument, Jones cites *United States v. Davis*, 139 S. Ct. 2319 (2019).  (*Id.*)  In *Davis*, the Supreme Court held that the "residual clause" definition of the term "crime of violence" appearing in 18 U.S.C. § 924(c), a criminal statute which provides enhanced penalties for using a firearm during a "crime of violence," was unconstitutionally vague.  *See* 18 U.S.C. § 924(c)(3)(B). Jones's Motion must be denied both because it is untimely and because career offender designations are not subject to vagueness challenges.

      28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255.  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

      Jones submitted his motion over seven years after his conviction became final.  He argues that his motion is nevertheless timely under 28 U.S.C. § 2255(f)(3) because it was filed

within one year of the Supreme Court's decision in *Davis*. (ECF No. 186 at 2.)  Jones's motion is untimely because it is not invoking a right "newly recognized" by *Davis*. *See* 28 U.S.C. § 2255(f)(3).  *Davis* concerned a constitutional vagueness challenge to the definition of "crime of violence" appearing in 18 U.S.C. § 924(c)(3)(B); it did not address a career offender designation, which is the subject of Jones's motion.  Additionally, Jones was not convicted of a § 924(c) offense.  Accordingly, Jones's Motion is untimely and may be DENIED on this basis alone.[3]

Even if Jones's Motion were timely, however, his career offender designation under the advisory Guidelines is not subject to the Due Process vagueness challenge he advances. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," because the Guidelines "merely guide the exercise of a court's discretion within the statutory range"); *see also United States v. Davis*, 684 F. App'x 317, 318-19 (4th Cir. 2017) (unpublished, *per curiam*) (holding that *Beckles* foreclosed any Due Process Clause vagueness challenge to defendant's career offender designation); *Spriggs v. United States,* ELH-09-00361, 2020 WL 1638684, at *4 (D. Md. Apr. 2, 2020) (same); *Chapman v. United States*, FL-11-0034, 2020 WL 836855, at *2 (E.D.N.C. Feb. 19, 2020) (same).

Furthermore, Jones had an extensive criminal record, including convictions for armed robbery, possession of a controlled dangerous substance, and second-degree assault.  (ECF No. 137 at 35:23-37:12.)  As this Court explained during the sentencing hearing, even without

---

[3] Petitioner has not advanced any alternative arguments for timeliness, such as equitable tolling. Regardless, Petitioner would not be entitled to equitable tolling even had he asserted it, because he has not presented extraordinary circumstances beyond his control which prevented him from making a timely filing. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

a career offender designation, Jones would still have a criminal history category of V, and the applicable advisory Guidelines range would have been 140 to 175 months of imprisonment. (*Id.* at 37:20-25.) Jones's sentence of 180 months of imprisonment was in accord with that advisory range. Accordingly, Jones's Motion to Correct Sentence (ECF No. 186) is DENIED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 186) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: September 18, 2020

\_\_\_/s/_____
Richard D. Bennett
United States District Judge

7