IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No.: RDB-10-232 |
| ROBERT JONES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On November 8, 2010, Defendant Robert Jones ("Defendant" or "Jones") pled guilty to Hobbs Act Conspiracy, in violation of 18 U.S.C. § 1951(a). (ECF No. 100.) On February 4, 2011, this Court sentenced the Defendant to 180 months' imprisonment with credit for time served in Federal custody since May 18, 2010, and a three-year term of supervised release. (ECF No. 121.) This sentence was well below the range of 204 to 240 months agreed to by Jones and the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF No. 101.)

On December 14, 2020, Defendant Jones filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 191) alleging that he is entitled to immediate release from custody due to undisclosed risk factors and severe anxiety related to the COVID-19 pandemic. Through his initial Motion, Jones also seeks appointment of counsel to assist him in this matter. (*Id.*) On February 17, 2021, the Defendant filed a second *pro se* Motion, asserting that his obesity and race place him at an increased risk of severe illness if he were to contract the COVID-19 virus. For the reasons that follow, the Defendant's Motions (ECF Nos. 191, 196) are DENIED.

1

## BACKGROUND

On May 13, 2010, Defendant Jones was charged in a three-count Superseding Indictment along with two other defendants. (ECF No. 5.) On November 8, 2010, Jones pled guilty to Count One of the Superseding Indictment which charged him with Hobbs Act Conspiracy, in violation of 18 U.S.C. § 1951(a). (ECF No. 100.) Jones entered this plea pursuant to Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF No. 101.) Pursuant to that Plea Agreement, Jones made certain factual and guidelines stipulations. As to the facts, Jones stipulated that on April 16 and 17, 2010, he and the two other defendants named in the Superseding Indictment agreed to break into the home of Sandrea Fulton in Baltimore, Maryland for the purpose of attempting to steal drugs and cash they believed to be stored within the residence by a local drug dealer. (*Id.*) While one co-defendant held a gun on Ms. Fulton, Jones demanded that she tell them where the drugs and money were stored. (*Id.*) There was also a baby at the residence. (*Id.*) Ultimately, the co-defendants were apprehended, and it was revealed they had taken $250 in currency that Ms. Fulton had in her purse. (*Id.*)

As to the Federal Sentencing Guidelines, Jones agreed that if he was not found to be a career offender, his adjusted offense level was 26. (*Id.*) The Government did not oppose a two-level reduction in the Defendant's adjusted offense level based on his apparent prompt recognition and affirmative acceptance of personal responsibility. (*Id.*) The Government also made a motion for an additional one-level decrease in recognition of Jones' acceptance of personal responsibility. (*Id.*)

In consideration of the guidelines and the facts in this case, the parties agreed to recommend a sentence in the range of 204 to 240 months. (*Id.*) However, as this Court noted on the record at sentencing on February 3, 2011, the Advisory Guidelines range was only 151 to 188 months. (ECF No. 137 at 4.) This Court sentenced the Defendant to 180 months' imprisonment with credit for time served in Federal custody since May 18, 2010, and a three-year term of supervised release, noting that the Government's proposed 204 to 240 months was greater than necessary to achieve the purposes of sentencing in this case. (ECF No. 121; ECF No. 137 at 4.)

On December 14, 2020, Jones filed the presently pending *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 191), in which he alleges that risk factors and anxiety related to the COVID-19 pandemic provide extraordinary and compelling reasons for his release. In that Motion, Jones also sought appointment of counsel to assist him in this matter. (*Id.*) On January 22, 2021, the Office of the Federal Public Defender notified this Court that it would not be supplementing the Defendant's *pro se* Motion. (ECF No. 193.) On February 17, 2021, the Defendant filed a second Motion for Compassionate Release (ECF No. 196) in which he identified his risk factors as obesity and his African American race.

Jones is currently housed at Gilmer FCI. There are no active infections of the COVID-19 virus at that facility at this time.[1] The Bureau of Prisons ("BOP") estimates that 1061 inmates at Gilmer FCI have received a COVID-19 vaccine.[2]

---

[1] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed June 29, 2021).
[2] Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed June 29, 2021).

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

This Court has received documentation showing that Jones properly exhausted his administrative remedies as required for this Court to consider his pending Motions. (ECF No. 194-1.) On January 7, 2021, the warden of Jones' facility denied his request for compassionate release relief. (*Id.*) Jones' Motions are properly before this Court, and this Court must therefore determine whether extraordinary and compelling reasons warrant a

reduction; whether Jones is a danger to the community; and whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Jones asserts that he is entitled to compassionate release because he suffers from obesity and is African American. (ECF No. 196.) These claims are insufficient for this Court to find extraordinary and compelling reasons for relief. Several district courts have held that obesity is not individually sufficient for a finding that there are circumstances akin to the "extraordinary and compelling reasons" which justify compassionate release.[3] *See, e.g.*, *United States v. Peaks*, No. 16-20460, 2020 WL 2214231 (E.D. Mich. May 7, 2020) (inmate with BMI of 44 and hypertension does not meet test for extraordinary and compelling circumstances). Compassionate release relief is reserved for those suffering from severe conditions that cannot be remediated. *See United States v. Lisi*, No. 15-cr-457 (KPF), 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020) (holding that defendant's medical condition "must be one of substantial severity and irremediability" in order for court to find extraordinary and compelling reasons for release). Additionally, courts have acknowledged that statistics suggest that African Americans have been disproportionately affected by the COVID-19 virus. *See, e.g.*, *United States v. Beasley*, No. 13-10112-3-JTM, 2020 WL 5077383, at *1 (D. Kan. Aug. 27, 2020). Nevertheless, courts have also recognized that an inmate's race itself does not constitute a risk factor for COVID-19 in the same way as underlying medical conditions. *See e.g.*, *United States v. Myers*, No. 18-20633, 2020 WL 4934343, at *3 (E.D. Mich. Aug. 24, 2020).

Further, while the COVID-19 pandemic created an elevated risk for Defendant Jones and others in detention facilities, the rollout of three vaccines for COVID-19 (Pfizer,

---

[3] Judges of this Court have found extraordinary and compelling reasons for release during the COVID-19 pandemic where the defendants were obese. *See, e.g.*, *United States v. Collins*, PWG-17-0649, 2020 WL 3960831, at *4 (D. Md. July 13, 2020). However, such decisions are not binding in the case at hand. Further, in *Collins*, Judge Grimm of this Court acknowledged that other courts had found obesity to be only one contributing factor to a finding of extraordinary and compelling circumstances and that obesity alone was insufficient for such a finding. *Id.* at *3 (collecting cases).

Moderna, and Johnson & Johnson), has lowered that risk in recent months. As Judge Hollander of this Court has noted, the BOP has been receiving vaccine shipments since December 16, 2020. *United States v. Graves*, No. ELH-18-17, 20201 WL 1909631, at *8-9 (D. Md. May 11, 2021) (citing Walter Pavlo, *Federal Bureau of Prisons Starts Vaccination of Staff, Inmates Soon Thereafter*, Forbes (Dec. 21, 2020), https://www.forbes.com/sites/walterpavlo/2020/12/21/federal-bureau-of-prisons-starts-vaccination-of-staff-inmates-soon-thereafter/?sh=5683b99aa96f). Since then, vaccination levels have increased: at Gilmer FCI, where the Defendant is imprisoned, the BOP reported as of June 29, 2021, 142 staff members and 1061 inmates have been inoculated with the vaccine.[4] Additionally, rates of infection have decreased: there are currently no cases of COVID-19 at Gilmer FCI.[5] In light of these figures, as well as the Defendant's lack of significant underlying conditions, this Court is satisfied that there are no extraordinary and compelling reasons for relief in this case.

Finally, this Court notes that there is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). In this case, the

---

[4] Staff who received their vaccination in the community rather than a BOP facility are not reflected in these figures. Bureau of Prisons, *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last accessed June 29, 2021).
[5] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed June 29, 2021).

Defendant has not established the interests of justice require appointment of counsel. This Court sees no reason to appoint counsel to the Defendant at this time.

**CONCLUSION**

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 6th Day of July, 2021, that Defendant Jones' Motion for Compassionate Release and Appointment of Counsel (ECF No. 191) is DENIED. Jones' second Motion for Compassionate Release (ECF No. 196) is also DENIED.

```
               /s/
```
Richard D. Bennett
United States District Judge